# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

UNIVERSAL UNDERWRITERS INSURANCE
COMPANY,                                                                    PLAINTIFF,

VS                                                              CIVIL ACTION NO. 2:05CV114

SAFECO INSURANCE COMPANY OF ILLINOIS,                       DEFENDANT.

## MEMORANDUM OPINION

This matter comes before the court upon Plaintiff Universal Underwriters Insurance Company's Motion for Summary Judgment [16-1] and Defendant Safeco Insurance Company of Illinois's Motion for Summary Judgment [21-1]. Upon due consideration of the motions and the responses filed thereto, the court is prepared to rule.

### I. FACTUAL BACKGROUND

On January 2, 2004, Ms. Destin Sidle was injured while permissibly test driving a vehicle owned by Country Ford dealership. The driver of the other vehicle was uninsured or underinsured. The dealership's vehicle was insured by Universal Underwriters Insurance Company ("Universal"). Sidle was personally insured by Safeco Insurance Company of Illinois ("Safeco"). It is undisputed that Universal was first in line to pay the uninsured motorist benefits. Universal and Safeco settled the resulting uninsured motorist claim with Sidle for $305,000.00. Each insurer paid $152,500.00.

On June 16, 2005, Universal filed the instant declaratory action seeking a declaratory judgment that pursuant to the terms of the subject policy on the dealership's vehicle, Universal is only liable to pay $100,000 in UM coverage, not the $152,500.00 Universal has already paid. In their Answer, Safeco filed a counterclaim against Universal seeking a declaratory judgment that the

1

language of the subject policy clearly provides that Universal is liable for the entire amount of $305,000 UM coverage because the subject policy provides for $300,000.00 for uninsured motorist coverage each occurrence and, under Mississippi law, Sidle would be entitled to stack or aggregate the UM coverage of the multiple vehicles covered under the dealership's policy with Universal. Each party has filed motions for summary judgment.

## II. DISCUSSION

### A. Summary Judgment

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility

determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, *supra*, at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d 1026, 1031 (5 Cir. 1982); *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5 Cir. 1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5 Cir. 1969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id*., at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id*., at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

**B. Conclusions**

Having reviewed the briefs and the subject policy provisions, the court concludes as follows. First, the Declarations Page 1-H of the subject Universal policy covering the dealership's vehicle driven by Sidle states that UM coverage is $300,000 each occurrence. Furthermore, page 1-H provides that the following endorsements are applicable for the stated UM coverage: 0091 Underinsured Motorists and 0344 Designated Individuals (which includes four named individuals). However, the document entitled "Mississippi State Amendatory Part Unicover V," by its terms, replaces both the "Uninsured Motorists (Part 530)" section of the policy and endorsement 091 on Declarations Page 1-H.

Thus the "Mississippi State Amendatory Part Unicover V" ("Unicover Amendment") governs UM coverage in this case. Section B of the Unicover Amendment defines "WHO IS AN INSURED." Part 1.d. provides that with respect to bodily injury, "if YOU are ... [a]n individual, then the following are INSUREDS: ... [d] Any person who uses a COVERED 'AUTO' with YOUR expressed or implied consent." Part 2.c. provides that with respect to bodily injury, "if YOU are ... [a] partnership, limited liability company, corporation or any other form of organization, then the following are INSUREDS: ... [c] Any person who uses a COVERED AUTO with YOUR expressed or implied consent."

The Unicover Amendment also provides under the Section D.5 entitled "THE MOST WE WILL PAY" that "with respect to persons INSURED by Part 1.b. and Part 2.a. of 'WHO IS AN INSURED', the most WE will pay is that portion of such limit needed to comply with the minimum limits provision of the financial responsibility or minimum liability law in the jurisdiction where the ACCIDENT took place" which in this instance is $100,000.00. However, Section D.5 of the

Unicover Amendment is inapplicable in this case. It is undisputed that Sidle was a permissive driver of the subject Country Ford vehicle. Therefore, Sidle is an "insured" under Part 1.d. and/or Part 2.c. of the Unicover Amendment. She is not an "insured" under Parts 1.b. and 2.a. This means that Universal is incorrect in its assertion that they are only liable for the state minimum in UM coverage – *i.e.*, $100,000 – pursuant to Section D.5. In any event, not only does the policy by its terms define Sidle as an "insured" because she was a permissive driver, but Mississippi law does as well. "The term 'insured' shall mean ... any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies...." Miss. Code Ann. § 83-11-103(b).

With regard to the "Elective Options Form Mississippi" stamped March 21, 2003 and presumably applicable during the subject policy period (April 1, 2003 to April 1, 2004), there is nothing about said form that excludes permissive drivers such as Ms. Sidle from the $300,000.00 UM coverage. Nevertheless, the form was not approved by the Mississippi Department of Insurance as required by Miss. Code Ann. § 83-11-102.

After considering the findings above and construing any ambiguities against the Universal as the drafter of the policy, the court concludes that the amount of UM coverage in the subject Universal policy applicable to Sidle is $300,000.00 because Sidle is an "insured." Since the parties did not brief whether the $300,000.00 should be stacked to cover the entire $305,000.00 given to Sidle, the court declines to include the $5,000.00 its declaratory judgment.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Plaintiff Universal Underwriters Insurance Company's Motion for Summary Judgment [16-1] should be denied and Defendant Safeco Insurance Company of Illinois's Motion for Summary Judgment [21-1] should granted.

Accordingly, a Final Judgment will issue forthwith,

**THIS DAY** of June 20, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE